UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

# 14-MC-0218

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

CWB SERVICES, LLC, *et al.*,

    Defendants.

Case No. 4:14-cv-00783-DW

### *ECF DOCUMENT*

I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.

Date Filed: 9-9-14 ANN THOMPSON, CLERK

By: *Wilfredo Crespo* , Deputy Clerk

*EX PARTE* **TEMPORARY RESTRAINING ORDER WITH AN ASSET FREEZE, APPOINTMENT OF A RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

## TABLE OF CONTENTS

I.      PROHIBITED REPRESENTATIONS AND PRACTICES ............................5

II.     TRUTH IN LENDING REQUIREMENTS ....................................................7

III.    PROHIBITED ELECTRONIC FUND TRANSFER PRACTICES ................7

IV.   PROHIBITION AGAINST DISCLOSURE OF CONSUMER INFORMATION ...............................................................................................8

V.     ASSET FREEZE ...........................................................................................8

VI.   RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES ................10

VII.   FINANCIAL STATEMENTS AND ACCOUNTING ...................................12

VIII.  CONSUMER CREDIT REPORTS ...............................................................13

IX.    REPATRIATION OF FOREIGN ASSETS ..................................................13

X.     NON-INTERFERENCE WITH REPATRIATION .......................................14

XI.    APPOINTMENT OF RECEIVER ................................................................14

XII.      DUTIES OF RECEIVER ..................................................15

XIII.    RECEIVER AND PLAINTIFF'S IMMEDIATE ACCESS TO BUSINESS
PREMISES AND RECORDS ........................................................19

XIV.    COOPERATION WITH RECEIVER ............................................23

XV.     DELIVERY OF RECEIVERSHIP PROPERTY .............................26

XVI.    COMPENSATION FOR RECEIVER ...........................................27

XVII.   RECEIVER'S REPORTS ..............................................................28

XVIII.  RECEIVER'S BOND ...................................................................28

XIX.    STAY OF ACTIONS ...................................................................28

XX.     PRESERVATION OF RECORDS AND TANGIBLE THINGS ...................30

XXI.    LIMITED EXPEDITED DISCOVERY ........................................31

XXII.   SERVICE OF THIS ORDER ........................................................32

XXIII.  DISTRIBUTION OF ORDER BY DEFENDANTS ......................33

XXIV.  CORRESPONDENCE WITH PLAINTIFF ..................................33

XXV.   ORDER TO SHOW CAUSE AND PRELIMINARY INJUNCTION
HEARING ...................................................................................33

XXVI.  SERVICE OF PLEADINGS, EVIDENCE, WITNESS LISTS .....................34

XXVII. DURATION OF ORDER ............................................................35

XXVIII. JURISDICTION ........................................................................35

ATTACHMENT A – FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT
ATTACHMENT B – FINANCIAL STATEMENT OF CORPORATE DEFENDANT
ATTACHMENT C – CONSENT TO RELEASE FINANCIAL RECORDS

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 4:14-cv-00783-DW |
| Plaintiff, | ***EX PARTE* TEMPORARY RESTRAINING ORDER WITH AN ASSET FREEZE, APPOINTMENT OF A RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE (FILED UNDER SEAL)** |
| v. | |
| CWB SERVICES, LLC, *et al.,* | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC") has filed a complaint seeking a permanent injunction and other equitable relief, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b); the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j; and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r, and a motion for temporary restraining order ("TRO" or "Order") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

This Court, having considered the Complaint, exhibits, suggestions, declarations, and other submissions finds that:

1. This Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over all the parties hereto, and venue in this district is proper;

2. There is good cause to believe that Defendants CWB Services, LLC; Orion Services, LLC; Sandpoint Capital, LLC; Sandpoint LLC; Basseterre Capital, LLC; Namakan Capital, LLC; Vandelier Group LLC; St. Armands Group LLC; Anasazi Group LLC; Anasazi Services LLC; Longboat Group LLC, also d/b/a Cutter Group; Oread Group

LLC, also d/b/a Mass Street Group; Timothy A. Coppinger; and Frampton T. Rowland, III have engaged and are likely to continue to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), TILA and its implementing Regulation Z, 12 C.F.R. § 1026; and EFTA and its implementing Regulation E, 12 C.F.R. § 1005.10, and that Plaintiff is therefore likely to prevail on the merits of this action;

3.    There is good cause to believe that consumers will suffer immediate and continuing harm from Defendants' ongoing violations of Section 5(a) of the FTC Act, TILA and its implementing Regulation Z, 12 C.F.R. § 1026; and EFTA and its implementing Regulation E, 12 C.F.R. § 1005.10, unless Defendants are restrained and enjoined by Order of this Court;

4.    There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and/or disgorgement of ill-gotten gains will occur from the transfer, dissipation, or concealment by Defendants of their assets or business records unless Defendants are immediately restrained and enjoined by Order of this Court; and that in accordance with Fed. R. Civ. P. 65(b), the interest of justice requires that Plaintiff's Motion be heard *ex parte* without prior notice to Defendants.  Therefore, there is good cause for relieving Plaintiff of the duty to provide Defendants with prior notice of Plaintiff's Motion;

5.    Good cause exists for appointing a receiver over the Corporate Defendants, permitting Plaintiff immediate access to Defendants' business premises, and permitting Plaintiff to take expedited discovery;

6.    Weighing the equities and considering Plaintiff's likelihood of ultimate success, a temporary restraining order with an asset freeze, appointment of a receiver, immediate

access to business premises, expedited discovery as to the existence and location of assets

and documents, and other equitable relief is in the public interest; and

7.   No security is required of any agency of the United States for issuance of a TRO, Fed. R.

Civ. P. 65(c).

## DEFINITIONS

A.   **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or

personal property, including, without limitation, chattels, goods, instruments, equipment,

fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks,

notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever

located.

B.   **"Consumer"** means any person.

C.   **"Corporate Defendants"** means Defendants CWB Services, LLC; Orion Services, LLC;

Sandpoint Capital, LLC; Sandpoint LLC; Basseterre Capital, LLC; Namakan Capital,

LLC; Vandelier Group LLC; St. Armands Group LLC; Anasazi Group LLC;  Anasazi

Services LLC; Longboat Group LLC, also d/b/a Cutter Group; and Oread Group LLC,

also d/b/a Mass Street Group, and their successors, assigns, affiliates, or subsidiaries, and

each of them by whatever names each might be known.

D.   **"Debt"** means any obligation or alleged obligation to pay money arising out of a

transaction, whether or not such obligation has been reduced to judgment.

E.   **"Defendants"** means the Individual Defendants and the Corporate Defendants,

individually, collectively, or in any combination, and each of them by whatever names

each might be known.

F.   **"Document"** and **"Electronically Stored Information"** are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure, and include writings, drawings, graphs, charts, photographs, audio and video recordings, computer and database records, and any other data compilations from which information can be obtained.  A draft or non-identical copy is a separate document within the meaning of the term.

G.   **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.

H.   **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

I.   **"Individual Defendants"** means Timothy A. Coppinger and Frampton T. Rowland, III.

J.   **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, association, cooperative, or any other group or combination acting as an entity.

K.   **"Receivership Defendants"** means the Corporate Defendants, as well as any other business related to the Defendants' lending or customer service business and which the Receiver has reason to believe is owned or controlled in whole or in part by any of the Defendants.

L.   The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

# ORDER

## PROHIBITED REPRESENTATIONS AND PRACTICES

I.      **IT IS THEREFORE ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, servicing, or offering of any loan or other extension of credit to consumers, are hereby temporarily restrained and enjoined from:

A.      Misrepresenting, or assisting others who are misrepresenting, expressly or by implication, orally or in writing, any of the following:

1.      Whether the consumer authorized the loan(s);

2.      Whether the consumer authorized Defendants to access the consumer's bank account(s);

3.      The character, amount, or legal status of the consumer's loan(s);

4.      The payment schedule of the loan(s);

5.      That the total of payments will be equal to the amount financed plus a stated finance charge;

6.      The interest rate(s), annual percentage rate(s), or finance charge(s), of the loan(s) and whether they are fixed or adjustable;

7.      Whether, and to what extent, the consumer's payment will be applied to repayment of the principal of the loan(s);

8.      Whether the loan(s) will be refinanced or rolled over, and whether refinancing may trigger a prepayment penalty or other fees; or

9.      Any other material fact; and

B.    Extracting or collecting payments from consumers for an existing loan; assessing

finance charges, interest, fees, or other charges on an existing loan; attempting to

collect or collecting on an existing loan from consumers, including through a

third-party debt collector collecting on behalf of Corporate Defendants; or selling

the debt to a third party debt broker or debt buyer, if:

1.    The consumer did not provide express, informed consent to the loan(s),

including any loan for which Defendants or their officers, agents, servants,

employees, or attorneys, or those persons or entities in active concert or

participation with any of them misrepresented, expressly or by

implication, orally or in writing, the finance charge, annual percentage

rate, payment schedule, the total of payments associated with the loan, or

whether the consumer's total of payments would be equal to the amount

financed plus a stated finance charge;

2.    The consumer did not provide express, informed consent through a written

authorization signed or similarly authenticated by the consumer for

Defendants to make electronic transfers from the consumer's bank

account;

3.    Defendants failed to provide the consumer with a copy of the written

authorization for preauthorized electronic fund transfers from the

consumer's bank account; or

4.    The loan conditions the extension of credit on preauthorized electronic

fund transfers.

Page **6** of **35**

## TRUTH IN LENDING REQUIREMENTS

**II.    IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from failing, or assisting others who fail, to disclose in writing before extending credit the following information in a manner reflecting the terms of the legal obligation between the parties:

> A.    The finance charge;
>
> B.    The annual percentage rate;
>
> C.    The payment schedule; or
>
> D.    The total of payments;

### PROHIBITED ELECTRONIC FUND TRANSFER PRACTICES

**III.    IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, servicing, or offering of any loan or other extension of credit to consumers, are hereby temporarily restrained and enjoined from:

> A.    Making electronic fund transfers to or from consumers' bank accounts, unless:
>
> > 1.    They obtain a written authorization signed or similarly authenticated from consumers for preauthorized electronic fund transfers from their accounts; and

2.     They provide to consumers a copy of a written authorization signed or

similarly authenticated by the consumers for preauthorized electronic fund

transfers from the consumers' accounts; and

B.     Conditioning the extension of credit on preauthorized electronic fund transfers.

## PROHIBITION AGAINST DISCLOSURE OF CONSUMER INFORMATION

**IV.     IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants,

employees, and attorneys, and all other persons in active concert or participation with any of

them who receive actual notice of this Order, are temporarily restrained and enjoined from

disclosing, using, or benefitting from consumer information, including the name, address,

telephone number, e-mail address, social security number, other identifying information, or any

data that enables access to a consumer's account (including a credit card, bank account, or other

financial account), of any person who applied for or obtained a loan from any Defendant, or

whose loan was serviced by any Defendant, prior to entry of this Order, except as follows:

A.     Defendants may disclose such information to a law enforcement agency or as

required by any law, regulation, or other court order; and

B.     Defendants may disclose, use, or benefit from such information for any lawful

purpose related to extending loans issued by Defendants, receiving or processing

loan payments owed to Defendants, or collecting debt owed to Defendants, unless

doing so would violate Article I.B of this Order.

## ASSET FREEZE

**V.     IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and

enjoined from directly or indirectly:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, hypothecating, gifting, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, or any other assets, or any interest therein, wherever located, including outside the United States, that are, in whole or in part:  (1) owned or controlled, directly or indirectly, by any Defendant, held for the benefit of any Defendants, or subject to access by, or belonging to, any Defendants; (2) in the actual or constructive possession of any Defendants; or (3) owned, controlled by, subject to access by, belonging to, or in the actual or constructive possession of any corporation, partnership, trust, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendants, and any assets held by, for, or under the name of any Defendants at any bank or savings and loan institution of any Defendants, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B.    Opening or causing to be opened any safe deposit boxes titled in the name of any Defendants, or subject to access by any Defendants;

C.    Incurring charges or cash advances on any credit card, stored value card, debit card, or checking card issued in the name, singly or jointly, of any Defendants;

D.    Obtaining a loan on any Defendants' behalf;

E.    Incurring liens or encumbrances on real property, personal property or other assets in the name, singly or jointly, of any Defendants; and

F.    Cashing any checks from consumers, clients, or customers of any Defendants.

The funds, property, and assets affected by this Section shall include: (a) all assets of each

Defendant as of the time this Order is entered, and (b) those assets obtained after entry of this

Order that are derived from activity prohibited by this Order. This Section does not prohibit

transfers to the Receiver as specifically required in Section XV (Delivery of Receivership

Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in

Section IX.

### RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**VI.    IT IS FURTHER ORDERED** that any financial or brokerage institution or depository,

escrow agent, title company, commodity trading company, trust, entity, electronic data host, or

person that holds, controls, or maintains custody of any account, document, electronically stored

information, or asset owned or controlled, directly or indirectly, by any Defendants, or has held,

controlled, or maintained any account, document, electronically stored information, or asset of,

or on behalf of, any Defendants, upon service with a copy of this Order, shall:

A.    Hold, preserve, and retain within its control and prohibit Defendants from

withdrawing, removing, assigning, transferring, pledging, encumbering,

disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any

accounts, documents, electronically stored information, assets, funds, or other

property that are owned by, held in the name of, for the benefit of, or otherwise

controlled by, directly or indirectly, any Defendants, in whole or in part, except as

directed by further order of the Court or as directed in writing by the Receiver

regarding accounts, documents, or assets owned by, held in the name of, for the

benefit of, or otherwise controlled by, any Receivership Defendant;

B.     Provide the Receiver, the Receiver's agents, Plaintiff, and Plaintiff's agents immediate access to electronically stored information stored, hosted, or otherwise maintained on behalf of any Defendants for forensic imaging;

C.     Deny the Defendants access to any safe deposit box titled in the name of any Defendants, individually or jointly, or subject to access by any Defendants, whether directly or indirectly.

D.     Provide counsel for Plaintiff and the Receiver, within one (1) business day of receipt of this Order, a certified statement setting forth:

    1.     the identification number of each such account or asset titled (1) in the name, individually or jointly, of any Defendants; (2) held on behalf of, or for the benefit of, any Defendants; (3) owned or controlled by any Defendants; or (4) otherwise subject to access or use by any Defendants, directly or indirectly;

    2.     the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

    3.     the identification of any safe deposit box that is either titled in the name of any Defendants, or is otherwise subject to access by any Defendants; and

    4.     if an account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on such date, and the name of the

person or entity to whom such account or other asset was remitted;

E.     Provide counsel for Plaintiff and the Receiver, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee.

## FINANCIAL STATEMENTS AND ACCOUNTING

**VII.    IT IS FURTHER ORDERED** that each Defendant, within three (3) business days of service of this Order, shall prepare and deliver to counsel for Plaintiff:

A.     For the Individual Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) on the form of **Attachment A** to this Order captioned, "Financial Statement of Individual Defendant."

B.     For the Corporate Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) in the form of **Attachment B** to this Order captioned, "Financial Statement of Corporate Defendant."

C.     For each Defendant, a completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth $2,500 or more since January 1, 2011. Such statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer

or assignment; and (d) the type and amount of consideration paid the Defendant.

Each statement shall specify the name and address of each financial institution

and brokerage firm at which the Defendant has accounts or safe deposit boxes.

Said statements shall include assets held in foreign as well as domestic accounts.

## CONSUMER CREDIT REPORTS

**VIII. IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any

Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.

§ 1681b(a)(1), and that, upon written request, any credit reporting agency from which such

reports are requested shall provide them to Plaintiff.

## REPATRIATION OF FOREIGN ASSETS

**IX. IT IS FURTHER ORDERED** that, within five (5) business days following the service

of this Order, each Defendant shall:

A. Provide counsel for Plaintiff with a full accounting of all assets, accounts, funds,

and documents outside of the territory of the United States that are held: (1) by

them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or

(4) under their direct or indirect control, individually or jointly;

B. Transfer to the territory of the United States all assets, accounts, funds, and

documents in foreign countries held: (1) by them; (2) for their benefit; (3) in trust

by or for them, individually or jointly; or (4) under their direct or indirect control,

individually or jointly;

C. Hold and retain all repatriated assets, accounts, funds, and documents, and

prevent any transfer, disposition, or dissipation whatsoever of any such assets,

accounts, funds, or documents; and

D.     Provide Plaintiff access to all records of accounts or assets of the Defendants held

by financial institutions located outside the territorial United States by signing the

Consent to Release of Financial Records attached to this Order as **Attachment C**.

### NON-INTERFERENCE WITH REPATRIATION

**X.** - **IT IS FURTHER ORDERED** that Defendants, and each of their officers, agents,

servants, employees, and attorneys, and those persons in active concert or participation with

them who receive actual notice of this Order, whether acting directly or through any entity,

corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and

enjoined from taking any action, directly or indirectly, which may result in the encumbrance or

dissipation of foreign assets, or in the hindrance of the repatriation required by Section IX of this

Order, including but not limited to:

A.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or

engaging in any other act, directly or indirectly, that results in a determination by

a foreign trustee or other entity that a "duress" event has occurred under the terms

of a foreign trust agreement, until such time that all assets have been fully

repatriated pursuant to Section IX of this Order; and

B.     Notifying any trustee, protector or other agent of any foreign trust or other related

entities of either the existence of this Order, or of the fact that repatriation is

required pursuant to a Court Order, until such time that all assets have been fully

repatriated pursuant to Section IX.

### APPOINTMENT OF RECEIVER

**XI.**    **IT IS FURTHER ORDERED** that Larry E. Cook is appointed Receiver for the business

activities of the Receivership Defendants with the full power of an equity receiver.  The Receiver

shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this

Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with

any laws and Local Rules of this Court governing receivers.

### DUTIES OF RECEIVER

**XII.   IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

accomplish the following:

      A.    Assume full control of the Receivership Defendants by removing, as the Receiver

deems necessary or advisable, any director, officer, independent contractor,

employee, or agent of any of the Receivership Defendants, including any named

Defendant, from control of, management of, or participation in, the affairs of the

Receivership Defendants;

      B.    Take exclusive custody, control, and possession of all assets, documents, and

electronically stored information of, or in the possession, custody, or under the

control of, the Receivership Defendants, wherever situated. The Receiver shall

have full power to divert mail and to sue for, collect, receive, take in possession,

hold, and manage all assets and documents of the Receivership Defendants and

other persons or entities whose interests are now held by or under the direction,

possession, custody, or control of the Receivership Defendants; *provided,*

*however,* that the Receiver shall not attempt to collect or receive any amount from

a consumer if the Receiver believes the consumer was a victim of the unlawful

conduct alleged in the complaint in this matter;

C.   Take all steps necessary to secure the business premises of the Receivership

Defendants.  Such steps may include, but are not limited to, the following, as the

Receiver deems necessary or advisable:

1.   serving and filing this Order;

2.   completing a written inventory of all Receivership assets;

3.   obtaining pertinent information from all employees and other agents of the

Receivership Defendants, including, but not limited to, the name, home

address, social security number, job description, method of compensation,

and all accrued and unpaid commissions and compensation of each such

employee or agent, and all computer hardware and software passwords;

4.   videotaping all portions of the location(s);

5.   securing the location by changing the locks and disconnecting any

computer modems or other means of access to the computer or other

records maintained at the location(s);

6.   requiring any persons present on the premises at the time this Order is

served to leave the premises, to provide the Receiver with proof of

identification, or to demonstrate to the satisfaction of the Receiver that

such persons are not removing from the premises documents or assets of

the Receivership Defendants; and

7.   requiring all employees, independent contractors, and consultants of the

Receivership Defendants to complete a questionnaire submitted by the

Receiver;

D.   Conserve, hold, and manage all Receivership assets, and perform all acts

necessary or advisable to preserve the value of those assets, in order to prevent

any irreparable loss, damage, or injury to consumers or to creditors of the

Receivership Defendants, including, but not limited to, obtaining an accounting of

the assets and preventing transfer, withdrawal, or misapplication of assets;

E.    Liquidate any and all assets owned by or for the benefit of the Receivership

Defendants that the Receiver deems to be advisable or necessary;

F.    Enter into or sever contracts, and purchase insurance as the Receiver deems to be

advisable or necessary;

G.    Prevent the inequitable distribution of assets and determine, adjust, and protect

the interests of consumers and creditors who have transacted business with the

Receivership Defendants;

H.    Manage and administer the business of the Receivership Defendants until further

order of this Court by performing all incidental acts that the Receiver deems to be

advisable or necessary, which includes retaining, hiring, or dismissing any

employees, independent contractors, or agents;

I.    Choose, engage, and employ attorneys, accountants, appraisers, and other

independent contractors and technical specialists as the Receiver deems advisable

or necessary in the performance of duties and responsibilities under the authority

granted by this Order;

J.    Make payments and disbursements from the Receivership estate that are

necessary or advisable for carrying out the directions of, or exercising the

authority granted by, this Order.  The Receiver shall apply to the Court for prior

approval of any payment of any debt or obligation incurred by the Receivership

Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

K.    Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other applicable laws, including, but not limited to, revising training materials and implementing monitoring procedures;

L.    Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

M.    Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

N.    Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; *provided, however,* that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that

the business can be lawfully operated at a profit using the assets of the

receivership estate;

O.      Take depositions and issue subpoenas to obtain documents and records pertaining

to the receivership estate and compliance with this Order. Subpoenas may be

served by agents or attorneys of the Receiver and by agents of any process server

retained by the Receiver;

P.      Open one or more bank accounts in the Western District of Missouri or the

District of Kansas as designated depositories for funds of the Receivership

Defendants. The Receiver shall deposit all funds of the Receivership Defendants

in such a designated account and shall make all payments and disbursements from

the receivership estate from such account(s);

Q.      Maintain accurate records of all receipts and expenditures that the Receiver makes

as Receiver;

R.      Cooperate with reasonable requests for information or assistance from any state or

federal law enforcement agency; and

S.      Be responsible for maintaining the chain of custody of all of Defendants' records

in his possession, pursuant to procedures to be established in writing with the

approval of Plaintiff.

**RECEIVER AND PLAINTIFF'S IMMEDIATE ACCESS TO**
**BUSINESS PREMISES AND RECORDS**

**XIII. IT IS FURTHER ORDERED** that:

A.      Defendants and their officers, agents, directors, servants, employees, salespersons,

independent contractors, attorneys, corporations, subsidiaries, affiliates,

successors, and assigns, and all other persons or entities in active concert or

participation with them, who receive actual notice of this Order, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall:

1. Immediately identify to Plaintiff's counsel and the Receiver:

   a. All of Defendants' business premises;

   b. Any non-residence premises where any Defendant conducts business, lending operations, or customer service operations;

   c. Any non-residence premises where documents or electronically stored information related to the business, lending operations, or customer service operations of any Defendant are hosted, stored, or otherwise maintained, including but not limited to the name and location of any electronic data hosts; and

   d. Any non-residence premises where assets belonging to any Defendant are stored or maintained;

2. Allow Plaintiff and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants immediate access to:

   a. All of the Defendants' non-residence business premises, including but not limited to, those located at (i) 6700 Squibb Road, Suite 200 in Mission, Kansas; (ii) 7301 Mission Road, Suite 318 in Prairie Village, Kansas; and (iii) such other business locations that are wholly or partially owned, rented, leased, or under the temporary or permanent control of any Defendant;

b.  Any other non-residence premises where the Defendants conduct business, lending operations, or customer service operations;

c.  Any non-residence premises where documents related to the Defendants' businesses are stored or maintained;

d.  Any non-residence premises where assets belonging to any Defendant are stored or maintained; and

e.  Any documents located at any of the locations described in this Section XIII; and

3.  Provide Plaintiff and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants with any necessary means of access to, copying of, and forensic imaging of documents or electronically stored information, including, without limitation, the locations of Receivership Defendants' non-residence business premises, keys and combinations to non-residence business premises locks, computer access codes of all computers used to conduct Receivership Defendants' business, access to (including but not limited to execution of any documents necessary for access to and forensic imaging of) any data stored, hosted or otherwise maintained by an electronic data host, and storage area access information.

B.  Plaintiff and the Receiver are authorized to employ the assistance of law enforcement officers to effect service, to implement peacefully the provisions of this Order, and to keep the peace. The Receiver shall allow Plaintiff and their representatives, agents, contractors, or assistants into the premises and facilities

described in this Section to inspect, inventory, image, and copy documents or electronically stored information relevant to any matter contained in this Order. Counsel for Plaintiff and the Receiver may exclude Defendants and their agents and employees from the business premises and facilities during the immediate access. No one shall interfere with Plaintiff or Receiver's inspection of the Defendants' premises or documents.

C.   The Receiver and Plaintiff shall have the right to remove any documents related to Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied.  The materials so removed shall be returned within five (5) business days of completing said inventory and copying.  If any property, records, documents, or computer files relating to the Receivership Defendants' finances or business practices are located in the residence of any Individual Defendant or are otherwise in the custody or control of any Individual Defendant, then such Defendant shall produce them to the Receiver within twenty-four (24) hours of service of this Order.  In order to prevent the destruction of data, upon service of this Order upon Defendants, any such computers or electronic data storage devices shall be powered down (turned off) in the normal course for the operating systems used on such devices and shall not be used until produced for copying and inspection, along with any codes needed for access.  Plaintiff's and the Receiver's representatives may also photograph or videotape the inside and outside of all premises to which they are permitted access by this Order, and all documents and other items found on such premises.

D.    Plaintiff's access to the Defendants' documents pursuant to this provision shall not provide grounds for any Defendant to object to any subsequent request for documents served by Plaintiff.

E.    The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## COOPERATION WITH RECEIVER

**XIV.   IT IS FURTHER ORDERED** that:

A.    Defendants and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver.  Such cooperation and assistance shall include, but not be limited to:

1.    Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the Receiver to inspect documents and assets and to partition office space;

2.    Providing any password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host; and

3.      Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

B.      Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order are hereby temporarily restrained and enjoined from directly or indirectly:

1.      Transacting any of the business of the Receivership Defendants;

2.      Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of the Receivership Defendants, including but not limited to contracts, agreements, consumer files, consumer lists, consumer addresses and telephone numbers, correspondence, documents evidencing or referring to Defendants' services, training materials, customer service scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, compliance tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other documents, records or equipment of any kind that relate to the business

Page **24** of **35**

practices or business of the Receivership Defendants or any other entity
directly or indirectly under the control of the Receivership Defendants;

3.  Transferring, receiving, altering, selling, encumbering, pledging,
assigning, liquidating, or otherwise disposing of any assets owned,
controlled, or in the possession or custody of, or in which an interest is
held or claimed by, the Receivership Defendants, or the Receiver;

4.  Excusing debts owed to the Receivership Defendants;

5.  Failing to notify the Receiver of any asset, including accounts, of a
Receivership Defendant held in any name other than the name of the
Receivership Defendant, or by any person or entity other than the
Receivership Defendant, or failing to provide any assistance or
information requested by the Receiver in connection with obtaining
possession, custody, or control of such assets;

6.  Failing to create and maintain books, records, and accounts which, in
reasonable detail, accurately, fairly, and completely reflect the incomes,
assets, disbursements, transactions and use of monies by the Defendants or
any other entity directly or indirectly under the control of the Defendants;

7.  Doing any act or refraining from any act whatsoever to interfere with the
Receiver's taking custody, control, possession, or managing of the assets
or documents subject to this Receivership; or to harass or to interfere with
the Receiver in any way; or to interfere in any manner with the exclusive
jurisdiction of this Court over the assets or documents of the Receivership
Defendants; or to refuse to cooperate with the Receiver or the Receiver's

duly authorized agents in the exercise of their duties or authority under any Order of this Court;  and

8.      Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., without prior permission from this Court.

## DELIVERY OF RECEIVERSHIP PROPERTY

XV.   **IT IS FURTHER ORDERED** that:

A.      Immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, Defendants, or any other person or entity, including but not limited to financial institutions and electronic data hosts, shall transfer or deliver access to, possession, custody, and control of the following to the Receiver:

1.      All assets of the Receivership Defendants;

2.      All documents and electronically stored information of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client, investor or customer lists, title documents and other papers;

3.      All assets belonging to members of the public now held by the Receivership Defendants;

4.      All keys, computer and other passwords, usernames, entry codes, combinations to locks required to open or gain or secure access to any

assets or documents of the Receivership Defendants, wherever located,

including, but not limited to, access to their business premises, means of

communication, accounts, computer systems, or other property; and

5.      Information identifying the accounts, employees, properties, or other

assets or obligations of the Receivership Defendants.

B.      In the event any person or entity fails to deliver or transfer immediately any asset

or otherwise fails to comply with any provision of this Section XV, the Receiver

may file *ex parte* with the Court an Affidavit of Non-Compliance regarding the

failure.  Upon filing of the affidavit, the Court may authorize, without additional

process or demand, Writs of Possession or Sequestration or other equitable writs

requested by the Receiver.  The writs shall authorize and direct the United States

Marshal or any sheriff or deputy sheriff of any county (pursuant to Fed. R. Civ. P.

4(c)(1)) to seize the asset, document, or other thing and to deliver it to the

Receiver.

### COMPENSATION FOR RECEIVER

**XVI.   IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver

as herein authorized, including counsel to the Receiver and accountants, are entitled to

reasonable compensation for the performance of duties pursuant to this Order, and for the cost of

actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession

or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file

with the Court and serve on the parties periodic requests for the payment of such reasonable

compensation, with the first such request filed no more than sixty (60) days after the date of this

Order.  The Receiver shall not increase the hourly rates used as the bases for such fee

applications without prior approval of the Court.

## RECEIVER'S REPORTS

**XVII. IT IS FURTHER ORDERED** that the Receiver shall report to this Court on or before

the date set for the hearing to Show Cause regarding the Preliminary Injunction, regarding:  (1)

the steps taken by the Receiver to implement the terms of this Order; (2) the value of all

liquidated and unliquidated assets of the Receivership Defendants; (3) the sum of all liabilities of

the Receivership Defendants; (4) the steps the Receiver intends to take in the future to:  (a)

prevent any diminution in the value of assets of the Receivership Defendants, (b) pursue

receivership assets from third parties, and (c) adjust the liabilities of the Receivership

Defendants, if appropriate; (5) whether the business of the Receivership Defendants can be

operated lawfully and profitably; and (6) any other matters which the Receiver believes should

be brought to the Court's attention. *Provided, however,* if any of the required information would

hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report

containing such information may be filed under seal and not served on the parties.

## RECEIVER'S BOND

**XVIII. IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a

bond in the sum of $50,000.00 with sureties to be approved by the Court, conditioned that the

Receiver will well and truly perform the duties of the office and abide by and perform all acts the

Court directs.

## STAY OF ACTIONS

**XIX. IT IS FURTHER ORDERED** that:

    A.    Except by leave of this Court, during pendency of the Receivership ordered

        herein, Defendants and all other persons and entities be and hereby are stayed

from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.    Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.    Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

4.    Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this Receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants;

B.    This Section XIX does not stay:

1.   The commencement or continuation of a criminal action or proceeding;

2.   The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.   The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4.   The issuance to a Receivership Defendant of a notice of tax deficiency; and

C.   Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## PRESERVATION OF RECORDS AND TANGIBLE THINGS

**XX.   IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records that relate to the business practices, or business and personal finances, of Defendants, or any entity directly or

indirectly under the control of Defendants.

## LIMITED EXPEDITED DISCOVERY

**XXI.   IT IS FURTHER ORDERED** that Plaintiff is granted leave to conduct certain expedited

discovery, and that, commencing with the time and date of this Order, in lieu of the time periods,

notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of

Civil Procedure, expedited discovery as to parties and non-parties shall proceed as follows:

A.   Plaintiff may, upon three (3) calendar days' notice, take the deposition of any

person or entity, whether or not a party, in any judicial district, for the purpose of

discovering:  (1) the assets of Defendants or their affiliates or subsidiaries;

(2) location of documents and other business records; and (3) compliance with

this Order.  Depositions may be conducted in person, by telephone, or by other

remote electronic means.  Deposition transcripts that have not been signed by the

witness may be used at the preliminary injunction hearing in this matter.

*Provided that,* notwithstanding Federal Rule of Civil Procedure 30(a)(2), this

Section shall not preclude any future depositions by Plaintiff.  *Provided further,*

that any deposition taken pursuant to this Section shall be in addition to, and not

subject to, the presumptive limits on depositions set forth in Federal Rule of Civil

Procedure 30(a)(2)(A).

B.   Plaintiff may serve interrogatories for the purpose of discovering:  (1) the assets

of Defendants or their affiliates or subsidiaries; (2) location of documents; and

(3) compliance with this Order.  Defendants shall respond within five (5) calendar

days after Plaintiff serves such interrogatories.  *Provided that,* notwithstanding

Federal Rule of Civil Procedure 33(a)(1), this Subsection shall not preclude any

future interrogatories by Plaintiff.

C.    Plaintiff may, upon three (3) calendar days' notice to any Defendants and upon five (5) calendar days' notice to non-parties, including through the use of a Rule 45 Subpoena, demand the production of documents from any person or entity, whether or not a Defendant, relating to: (1) the assets of Defendants or their affiliates or subsidiaries; (2) the location of documents; and (3) compliance with this Order. *Provided that* two (2) calendar days' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.

D.    Plaintiff is granted leave to subpoena documents immediately from any entity or person that holds, controls, or maintains custody of any account or asset of any Defendants, or has held, controlled or maintained custody of any account or asset of any Defendants concerning the nature, location, status, and extent of Defendants' assets, and compliance with this Order, and entity or person shall respond to such subpoena within five (5) business days after service.

E.    For purposes of discovery pursuant to this Section, service shall be sufficient if made by facsimile, e-mail, or overnight courier.

F.    Plaintiff may seek to prohibit any Defendants who fail to appear for properly noticed depositions or fail to comply with requests for production or inspection from introducing the evidence sought by Plaintiff at any subsequent hearing.

## SERVICE OF THIS ORDER

**XXII. IT IS FURTHER ORDERED** that copies of this Order may be served by e-mail, facsimile, personal or overnight delivery, or U.S. Express Mail, by agents and employees of

Plaintiff or any state or federal law enforcement agency or by private process server, on

Defendants or any other persons or entities that may be subject to any provision of this Order.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**XXIII. IT IS FURTHER ORDERED** that within three (3) calendar days after service of this

Order, Defendants shall provide a copy of this Order to each of their agents, employees,

directors, officers, subsidiaries, affiliates, attorneys, independent contractors, representatives,

franchisees, and all persons in active concert or participation with Defendants.  Within five (5)

calendar days following this Order, Defendants shall provide Plaintiff with an affidavit

identifying the names, titles, addresses, and telephone numbers of the persons that Defendants

have served with a copy of this Order in compliance with this provision.

## CORRESPONDENCE WITH PLAINTIFF

**XXIV. IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail

addressed to the FTC is subject to delay due to heightened security screening, all correspondence

and service of pleadings on Plaintiff Federal Trade Commission shall be sent either via electronic

transmission to Rebecca M. Unruh at runruh@ftc.gov or via Federal Express to:  Rebecca M.

Unruh,  Federal Trade Commission, 600 Pennsylvania Avenue, NW, Mail Drop CC-10232,

Washington, DC 20580.

## ORDER TO SHOW CAUSE AND PRELIMINARY INJUNCTION HEARING

**XXV.  IT IS FURTHER ORDERED,** pursuant to Federal Rule of Civil Procedure 65(b), that

Defendants shall appear on the 23rd day of September, 2014, at 9 a.m. at the United States

Courthouse, Courtroom 8B, Kansas City, Missouri, to show cause, if any there be, why this

Court should not enter a preliminary injunction, pending final ruling on the complaint, against

Defendants, enjoining them from further violations of the FTC Act, TILA and its implementing

Regulation Z; and EFTA and its implementing Regulation E, and imposing such additional relief as may be appropriate.

### SERVICE OF PLEADINGS, EVIDENCE, WITNESS LISTS

**XXVI. IT IS FURTHER ORDERED** that:

    A.    Defendants shall file any answering affidavits, pleadings, or legal memoranda with the Court and serve the same on counsel for Plaintiff no later than five (5) business days prior to the preliminary injunction hearing in this matter.  Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) business day prior to the preliminary injunction hearing in this matter, *provided that* service shall be performed by personal or overnight delivery, facsimile, or e-mail, and documents shall be delivered so that they shall be received by the other parties no later than 4 p.m. (EST) on the appropriate dates listed in this Subsection;

    B.    The question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and, if necessary, oral argument of, the parties. Live testimony shall be heard only on further order of this Court on motion filed with the Court and served on counsel for the other parties at least five (5) business days prior to the preliminary injunction hearing in this matter.  Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit disclosing the substance of each proposed witness'

expected testimony, and an explanation of why the taking of live testimony would

be helpful to this Court.  Any papers opposing a timely motion to present live

testimony or to present live testimony in response to live testimony presented by

another party, shall be filed with this Court and served on the other parties at least

three (3) business days prior to the preliminary injunction hearing in this matter,

*provided that* service shall be performed by personal or overnight delivery or by

facsimile or e-mail, and documents shall be delivered so that they shall be

received by the other parties no later than 4 p.m. (EST) on the appropriate dates

listed in this Sub-section.

### DURATION OF ORDER

**XXVII.**     **IT IS FURTHER ORDERED** that the Temporary Restraining Order granted

herein shall expire on the 23rd day of September, 2014, at 10 o'clock a.m., unless within such

time, the Order, for good cause shown, is extended for an additional period not to exceed ten (10)

calendar days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

### JURISDICTION

**XXVIII.**     **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

matter for all purposes.


     **IT IS SO ORDERED**, this _9th_ day of _September_, 2014, at _10:05_ o'clock

a.m./p.m.

                    _/s/ Dean Whipple_____
                    UNITED STATES DISTRICT JUDGE